IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS HERNÁNDEZ VEGA,

Petitioner

v.

UNITED STATES OF AMERICA,

Respondent

CIVIL 02-1699 (SEC)
(CRIMINAL 97-72 (SEC))

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   INTRODUCTION

This matter is before the court on petitioner Carlos Hernández-Vega's (hereinafter "petitioner") motion to vacate sentence under 28 U.S.C. § 2255.  In a nutshell, petitioner challenges his sentence to life imprisonment as to Count I of the indictment, claiming that the court's determination of drug quantity and his involvement in two murders was made in violation of the rule announced by the Supreme Court in Apprendi v. New Jersey, 530 U.S. 466 (2000) (hereinafter "Apprendi").  Petitioner also challenges the 10-year term of imprisonment imposed as to Count III claiming that the 10-year penalty for the use of a semiautomatic weapon did not exist at the time of the offense and therefore, such penalty could not be imposed without violating the constitutional prohibition to "*ex post-facto*" laws. Having reviewed the arguments of the parties and for the reasons set forth below, I recommend that petitioner's section 2255 motion be GRANTED in part and DENIED in part.

CIVIL 02-1699 (SEC)                                    2
(CRIMINAL 97-72 (SEC))

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was charged in a three-count indictment with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) and (b) and aiding and abetting in violation of 18 U.S.C. § 2 (Count I)[1]; a conspiracy to distribute in excess of five kilograms of heroin, in excess of five kilograms of cocaine, in excess of five kilograms of cocaine base and in excess of 100 kilograms of marihuana, all in violation of 18 U.S.C. § 846 (Count II); and for using and carrying a firearm in relation to a drug-trafficking crime, and aiding and abetting such use in violation of 18 U.S.C. § 924(c)(1) and (2) and 18 U.S.C. § 2, respectively (Count III).  On July 15, 1998, and following a 24-day trial, the jury returned a verdict of guilty as to petitioner.  (See Criminal No. 97-0072 (SEC), Docket No. 399.) Petitioner was sentenced on February 29, 2000, to a term of life imprisonment as to Counts I and II[2] and to a term of 10 years of imprisonment as to Count III to be served consecutively.  (Id. Docket No. 494.)  The petitioner appealed his conviction in the United States Court of Appeals for the First Circuit.  On December 29, 2000, the appellate court affirmed petitioner's conviction in a published opinion.  United States v. Hernandez-Vega, 235 F.3d 705 (1st Cir. 2000).  On May 9, 2002, petitioner filed the present section 2255

---

[1] The indictment included shootings and murders against members of a rival drug organization as some of the overt acts committed in furtherance of the conspiracy.

[2] Count II of the indictment was subsequently dismissed.  United States v. Hernández-Vega, 235 F.3d 705, 707 n.1 (1st Cir. 2000).

CIVIL 02-1699 (SEC)                            3
(CRIMINAL 97-72 (SEC))

petition.  (Docket No. 1.)  The United States submitted a reply in opposition to petitioner's motion on August 15, 2002.  (Docket No. 8.)  The matter was referred to me on December 18, 2003, for a report and recommendation.  (Docket No. 9.)

### III.  DISCUSSION

Under section 2255 of tittle 28, United States Codes, a federal prisoner may move for post-conviction relief if:  (1) the sentence was imposed in violation of the Constitution or laws of the United States; or (2) the court was without jurisdiction to impose such a sentence; or (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  See 28 U.S.C. § 2255; see also Hill v. United States, 368 U.S. 424, 426-27 (1962); David v. United States, 134 F.3d 470, 474 (1st Cir. 1998).  The burden is on the petitioner to show his or her entitlement to relief under section 2255, David v. United States, 134 F.3d at 474, including his or her entitlement to an evidentiary hearing.  Cody v. United States, 249 F.3d 47, 54 (1st Cir. 2001) (quoting United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993)).  It has been held that an evidentiary hearing is not necessary if the 2255 motion is inadequate on its face or if, even though facially adequate, "is conclusively refuted as to the alleged facts by the files and records of the case."  United States v. McGill, 11 F.3d at 226 (quoting Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir. 1974)).  "In other words, a '§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the

CIVIL 02-1699 (SEC)                                    4
(CRIMINAL 97-72 (SEC))

movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" United States v. McGill, 11 F.3d at 226 (citations omitted).

### A.  The Apprendi Challenge

Petitioner challenges his sentence by way of a section 2255 motion, arguing that in accordance with the rule of Apprendi, the determination of both drug quantity and his involvement in two murders had to be submitted to the jury and proved beyond a reasonable doubt because they were considerations increasing the prescribed statutory maximum for the offense charged.  The government contends that in accordance with the principles established in Apprendi and its First Circuit progeny, no violation occurred with regards to petitioner's sentence.  I agree.

*1. Drug Quantity*

Under 21 U.S.C. § 848(a), a "person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment...."  The penalties applicable for such violations are set forth in section 841(b).  For instance, to impose a life imprisonment sentence on a person found guilty of having engaged in a continuing criminal enterprise, one of the considerations taken into account is drug quantity.  18 U.S.C. § 848(b)(2); see also United States v. Soto-Beníquez, 356 F.3d 1, 26-27 (1st Cir. 2004) (explaining that "[s]ection

CIVIL 02-1699 (SEC)                                5
(CRIMINAL 97-72 (SEC))

848(b) requires life imprisonment for the 'principal … leaders' of the continuing criminal enterprise if their violation of the drug laws involved more than 300 times the quantity described in 21 U.S.C. § 841(b)(1)(B)[]").

Before <u>Apprendi</u>, drug type and quantity were not elements of the offense, but, rather, sentencing factors relevant to determining the penalty. <u>United States v. Eirby</u>, 262 F.3d 31, 36 (1st Cir. 2001); <u>United States v. Lindia</u>, 82 F.3d 1154, 1161 n.6 (1st Cir. 1996); <u>United States v. Mabry</u>, 3 F.3d 244, 250 (8th Cir. 1993); <u>United States v. Moreno</u>, 899 F.2d 465, 472-73 (6th Cir. 1990). However, in <u>Jones v. United States</u>, 526 U.S. 227 (1999), the Supreme Court questioned the "constitutionality of enhancing penalties through judicial findings by a preponderance of the evidence." <u>United States v. Angle</u>, 230 F.3d 113, 121 (4th Cir. 2000); <u>see also</u> <u>Jones v. United States</u>, 526 U.S. at 243 n.6. Nevertheless, circuit courts interpreted <u>Jones v. United States</u> "as a suggestion rather than an absolute rule. Thus, they continued to view drug quantity as a sentencing factor." <u>United States v. Angle</u>, 230 F.3d at 122; <u>see also</u> <u>United States v. Thomas</u>, 204 F.3d 381, 384 (2nd Cir. 2000); <u>United States v. Jones</u>, 194 F.3d 1178, 1186 (10th Cir. 1999); <u>United States v. Williams</u>, 194 F.3d 100, 107 (D.C. Cir. 1999).

Following the lead of district courts in the First Circuit and the noted absence of definition provided by the First Circuit Court of Appeals, this discussion of <u>Apprendi</u> will sidestep unavoidable "procedural niceties" that would begin a substantial and

CIVIL 02-1699 (SEC)                                  6
(CRIMINAL 97-72 (SEC))

constitutional resolution of petitioner's 28 U.S.C. § 2255 motion. <u>Caron v. United States</u>, 183 F. Supp. 2d 149, 153 (D. Mass. 2001); <u>see also</u> <u>Robertson v. United States</u>, 144 F. Supp. 2d 58, 70 (D.R.I. 2001). Rather, it will examine if the petitioner raises a meritorious <u>Apprendi</u> issue for this court to resolve. I conclude that petitioner does not.

In <u>Apprendi</u>, the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi v. New Jersey</u>, 530 U.S. at 490; <u>see also</u> <u>United States v. Mojica-Báez</u>, 229 F.3d 292, 306 (1st Cir. 2000); <u>Sustache-Rivera v. United States</u>, 221 F.3d 8, 15 (1st Cir. 2000). Yet, the <u>Apprendi</u> Court made clear that judicial discretion can be exercised when imposing sentence within statutory limits prescribed by a legislature and facts found by a jury. <u>Apprendi v. New Jersey</u>, 530 U.S. at 481-82.

The required examination of the issue raised by petitioner focuses on one question– "does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" <u>Apprendi v. New Jersey</u>, 530 U.S. at 494. In response, no <u>Apprendi</u> violation occurs if the district court sentences the defendant within the prescribed statutory range "even though drug quantity, determined by the court under a preponderance-of-the-evidence standard, influences the length of the sentence imposed." <u>United States v. Robinson</u>, 241 F.3d 115, 119 (1st Cir. 2001) (citing <u>United States v. Caba</u>,

CIVIL 02-1699 (SEC)                                      7
(CRIMINAL 97-72 (SEC))

241 F.3d 98, 100-01 (1st Cir. 2001); United States v. Baltas, 236 F.3d 27, 41 (1st Cir. 2001)).  In other words, it is now well established that "if the judge-made factual determination merely narrows the judge's discretion within the range already authorized by the offense of conviction, then no Apprendi violation occurs."  United States v. Baltas, 236 F.3d at 41.

The First Circuit has held that even absent a determination of drug quantity, the statutory maximum for a continuing criminal enterprise is already life imprisonment. United States v. Soto-Beníquez, 356 F.3d at 45.  Indeed, "the statute authorizes a sentence of twenty years to life imprisonment regardless of drug amount."  Id. (citing 18 U.S.C. § 848(a)-(c)).  Drug amount may require a mandatory life sentence, 18 U.S.C. § 848(b), but that does not change the statutory maximum.  United States v. Soto-Beníquez, 356 F.3d at 45.  Given that the petitioner in this case was sentenced within the statutory maximum for the offense charged, there is no Apprendi violation.  As to this issue, it is my recommendation that petitioner's section 2255 motion be DENIED.

*2. Murder Cross-Reference*

Next is petitioner's claim that the imposition of a life sentence cannot be upheld because it was based on a judge-made finding regarding petitioner's involvement in a drug-related murder.  The crux of petitioner's contention is that it is illegal to impose a mandatory sentence of life based on facts not submitted to the jury and found by them

CIVIL 02-1699 (SEC)                                    8
(CRIMINAL 97-72 (SEC))

beyond a reasonable doubt and found instead by the sentencing judge using a preponderance of the evidence standard. The government responds that the court correctly applied the murder cross-reference set forth in guideline 2D1.1(d), since victims were murdered in furtherance of the conspiracy. Said guideline increased the base offense level to 43, which carries with it a mandatory penalty of life imprisonment.

Section 2D1.1(d) states that: "If a victim was killed under circumstances that would constitute murder under 18 U.S.C. § 1111 had such killing taken place within the territorial or maritime jurisdiction of the United States, apply § 2A1.1 (First Degree Murder)." U.S.S.G. § 2D1.1(d). Section 2A1.1 in turn directs the court to assign a base offense level of 43. Id. § 2A1.1. The court in this case indeed invoked the murder cross-reference to arrive at a base offense level of 43 and sentenced petitioner to a term of life. (See Transcript of Sentencing Hearing, Criminal No. 97-0072 (SEC), Docket No. 573, at 6-8.) Specifically, the court found that victims were killed under circumstances that would constitute murder and that such killings took place within the territorial jurisdiction of the United States. (Id. at 6.) Although the petitioner now claims that such determination was in error because the issue should have been submitted to and decided by the jury in accordance with Apprendi, I find that it is the petitioner who is mistaken.

The First Circuit has put this particular question to rest on several opportunities. First, it has been held that "Apprendi does not apply to findings made for purposes of the

CIVIL 02-1699 (SEC)                                9
(CRIMINAL 97-72 (SEC))

sentencing guidelines, such as the court's determinations that the [petitioner was] accountable for the murders." United States v. Martínez-Medina, 279 F.3d 105, 122 (1st Cir.), cert. denied, 537 U.S. 921 (2002). Second, such determination can be made by the court by a preponderance of the evidence. See United States v. Newton, 326 F.3d 253, 265 (1st Cir. 2003) (declining defendant's invitation to expand the rule in Apprendi to require juries to find beyond a reasonable doubt that defendant committed murder before the court can apply section 2D1.1(d)(1)'s cross-reference). Most recently, the First Circuit reiterated its position holding that for purposes of sentencing determinations, the sentencing court can consider relevant conduct not charged in the indictment so long as the conduct is proven by a preponderance of the evidence. United States v. Reyes Echevarría, 345 F.3d 1, 6-7 (1st Cir. 2003). For all relevant purposes, the defendant could have been acquitted of the murders and the court could still consider the same in its application of the guidelines. Id. at 7. Consequently, petitioner's challenge to the court's application of the murder cross-reference must necessarily fail since he only attacks the court's determination under Apprendi. There is no argument that the court's determination of petitioner's involvement in the murders is not supported by the preponderance of the evidence. Ultimately, my prior discussion on the issue of drug quantity under Apprendi proves equally fatal to petitioner's position because the sentence did not exceed the

CIVIL 02-1699 (SEC)                                  10
(CRIMINAL 97-72 (SEC))

statutory maximum. In other words, the life sentence imposed was the statutory maximum for the offense charged. As to this issue, petitioner's motion should also be DENIED.

### B.  The Ex Post Facto Challenge

Finally, as to Count III of the indictment, petitioner contends that his sentence to a consecutive ten-year term of incarceration for the violation of 18 U.S.C. § 924(c)(1) (using a semiautomatic AK-47 riffle) violates the constitutional prohibition to *ex post facto* laws inasmuch as the ten-year penalty did not exist at the time of the offense. Petitioner further maintains that the firearm offense occurred in May 16, 1994 and that the ten-year penalty was established in September 13, 1994. Therefore, according to petitioner, the ten-year penalty imposed violates the *Ex Post Facto* Clause of the United States Constitution and the failure of his attorney to raise the issue on appeal constituted ineffective assistance of counsel. He requests that the penalty be reduced to the five-year term that existed as a penalty for the offense at the time the same occurred.

In opposition, the government argues that petitioner is precluded from raising the *ex post facto* claim on collateral attack because he failed to object when the court announced that it would use the 1998 edition of the Guidelines Manual. The government further claims that the petitioner similarly failed to object to the Presentence Investigation Report

CIVIL 02-1699 (SEC)                                11
(CRIMINAL 97-72 (SEC))

and to raise the issue on direct appeal.  According to the government, the petitioner has waived his *ex post facto* argument.

*1.  Ineffective Assistance of Counsel Standard*

As stated above, a prisoner in custody under a federal sentence may move under section 2255 to vacate, set aside or correct a sentence imposed in violation of the Constitution of the United States.  Daniels v. United States, 532 U.S. 374, 377 (2001).  A claim of ineffective assistance of counsel is, without question, one such constitutional violation that may be raised by way of a 2255 motion.  See United States v. Kayne, 90 F.3d 7, 14 (1st Cir. 1996).  To be successful in an ineffective assistance of counsel challenge, a petitioner must allege that the deficiencies in the performance of trial counsel assumed unconstitutional dimensions.  Barrett v. United States, 965 F.2d 1184, 1193 (1st Cir. 1992).  "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Strickland v. Washington, 466 U.S. 668, 686 (1984).

The Court in Strickland established that the determination of whether an attorney's performance require the reversal of a conviction or sentence must be resolved applying a two-prong test.  Id. at 687.  First, petitioner must show that counsel's performance was

CIVIL 02-1699 (SEC)                              12
(CRIMINAL 97-72 (SEC))

deficient by in turn "showing that counsel made errors so serious that [he] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Second, it must be shown that petitioner was prejudice by such deficient performance. Id. In order to establish a deficient performance, the petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. To show prejudice, on the other hand, petitioner has to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; González-Soberal v. United States, 244 F.3d 273, 278 (1st Cir. 2001).

### 2. *Ex Post Facto Application*

Sections 9 and 10 of Article I of the United States Constitution prohibit the passing of *ex post facto* laws. U.S. Const. art. I, §§ 9 and 10. An *ex post facto* law is "one that punishes, as a crime, an act which was innocent when committed; or which, after a crime has been perpetrated, changes the punishment and renders it more onerous; or which strips away a defense that was available at the time when the defendant committed the crime." Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999); see also Collins v. Youngblood, 497 U.S. 37, 52 (1990). Indeed, an *ex post facto* law is "one 'that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'"

CIVIL 02-1699 (SEC)                             13
(CRIMINAL 97-72 (SEC))

United States v. Fosher, 124 F.3d 52, 58 (1st Cir. 1997) (quoting Dominique v. Weld, 73 F.3d 1156, 1162 (1st Cir. 1996)). "[C]entral to the *ex post facto* prohibition is a concern for the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." United States v. Miranda-Ramírez, 309 F.3d 1255, 1262 n.5 (10th Cir. 2002), cert. denied, 537 U.S. 1244 (2003), (quoting Miller v. Florida, 482 U.S. 423, 430 (1987)).

Count III of the indictment states that petitioner's violation of 18 U.S.C § 924(c)(1) occurred on or about May 16, 1994. The government concedes that at the time of the offense, 18 U.S.C. § 924(c)(1) provided a penalty of five years for the use of a deadly or dangerous weapon. However, on September 13, 1994, Congress amended said statute with the enactment of the Violent Crime Control and Law Enforcement Act of 1994, Pub. L. No. 103-322. See United States v. Shea, 150 F.3d 44, 51-52 (1st Cir. 1998). The Act enhanced the penalty for the use of a "semiautomatic weapon" such as the AK-47 rifle used by the petitioner, to a minimum ten-year term of imprisonment. 18 U.S.C. § 924(c)(1)(B)(i). The petitioner maintains that he should have been sentenced to the five-year penalty provided by the statute when the offense was committed. The petitioner also asserts that the failure of his attorney to raise the issue on appeal constituted ineffective assistance of counsel requiring re-sentencing. The government does not oppose petitioner's substantive argument. It is argued that the petitioner simply waived the issue.

CIVIL 02-1699 (SEC) 14
(CRIMINAL 97-72 (SEC))

Generally, a section 2255 petitioner is procedurally barred from asserting issues not raised on direct appeal "unless he [or she] can show both 'cause' and 'prejudice' or, [in the] alternative[] that he [or she] is 'actually innocent.'" Brache v. United States, 165 F.3d 99, 102 (1st Cir. 1999) (quoting Murray v. Carrier, 477 U.S. 478, 485 (1986)). However, it has been held that the quantum and kind of prejudice that must be shown to succeed in an ineffective assistance of counsel claim is identical to that necessary to relieve a petitioner from the adverse effects of procedural default. Ellis v. United States, 313 F.3d 636, 649 n.6 (1st Cir. 2002) (citing Prou v. United States, 199 F.3d 37, 49 (1st Cir. 1999)). As such, the questions to be decided in this case are whether the failure of counsel to raise the *ex post facto* issue was a performance that fell below an objective standard of reasonableness and whether the outcome of petitioner's sentencing proceedings on this issue would have been different but for counsel's failure. The answer is yes to both

Clearly, the petitioner in this case was sentenced to a term of imprisonment greater than the term applicable to the same offense at the time it was committed. See Garner v. Jones, 529 U.S. 244, 249-50 (2000) ("One function of the *Ex Post Facto* Clause is to bar enactments which, by retroactive operation, increase the punishment for a crime after its commission."). The government does not dispute such proposition because the government has not addressed the substantive argument advanced by the petitioner. The government

CIVIL 02-1699 (SEC)                              15
(CRIMINAL 97-72 (SEC))

rests solely on its assertion that the petitioner waived the issue or is procedurally barred from asserting the same.

In <u>United States v. Collazo-Aponte</u>, 281 F.3d 320, 324 (1st Cir.), <u>cert. denied</u>, 537 U.S. 869 (2003), the court vacated defendant's ten-year sentence on <u>Apprendi</u> grounds since the government conceded that it was plain error for the district court to impose the enhanced sentence without a finding by the jury beyond a reasonable doubt that the defendant carried a semiautomatic weapon. The government also conceded the point, in part, because the evidence used to establish defendant's guilt for the use of the weapon, pre-dated the statutory amendment authorizing the enhanced sentence for such conduct. <u>Id.</u> at 324 n.1.[3] Furthermore, in <u>Owens v. United States</u>, the court granted habeas relief to a petitioner holding that the court erred in sentencing him to life imprisonment even when the statute under which the petitioner was charged allowed only a five-year penalty at the time the crime was committed. <u>Owens v. United States</u>, 236 F. Supp. 2d 122, 140 (D. Mass. 2002); <u>Cf.</u> <u>United States v. Frazier</u>, 936 F.2d 262, 267 (6th Cir. 1991) (holding that an amended statute that increases the penalty for a conspiracy does not violate the *Ex*

---

[3] The factual synopsis in <u>Collazo-Aponte</u> makes clear that the instances in which the defendant had used the semiautomatic weapon were a double murder in April of 1994 and the shooting of a police officer in September of that same year. The double murder clearly occurred before the amendment to 18 U.S.C. § 924(c)(1)(B). One can only assume, given the government's concession in <u>Collazo-Aponte</u>, that the September, 1994 shooting also occurred prior to the enactment of the amendment enhancing the penalty.

CIVIL 02-1699 (SEC)                                    16
(CRIMINAL 97-72 (SEC))

*Post Facto* Clause if the conspiracy continued after the effective date of the amendment); United States v. Pace, 898 F.2d 1218, 1238 (7th Cir. 1990) (same).

Finally, since petitioner's sentence was increased by the application of a statute enacted subsequent to the commission of the offense, it clearly violated the constitutional prohibition of *ex post facto* laws. Counsel's performance in failing to raise the issue both in the lower court and on appeal definitely fell beyond an objective standard of reasonableness. And petitioner was prejudiced by such failure. See, e.g., Jackson v. Leonardo, 162 F.3d 81, 85 (2d Cir. 2000) (finding that "counsel's failure to raise a well-established, straightforward, and obvious double jeopardy claim constitutes ineffective performance."). I recommend that petitioner's sentence in the firearm count (Count III) be vacated and that he be re-sentenced applying the penalty allowed by the statute at the time the offense was committed. As to this issue, petitioner's motion under 28 U.S.C. § 2255 should be GRANTED.

IV.  CONCLUSION

In view of the above, it is my recommendation that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, be GRANTED in part and DENIED in part. It should be granted with respect to the ten-year term of imprisonment imposed on petitioner as to Count III of the indictment (firearm). The imposition of such

CIVIL 02-1699 (SEC) 17
(CRIMINAL 97-72 (SEC))

an enhanced sentenced violates the constitutional prohibition against *ex post facto* laws. With respect to Count I (continuing criminal enterprise), however, the motion should be denied inasmuch as the arguments raised by the petitioner to attack his life imprisonment sentence under Apprendi have no merit.

Under the provisions of Local Rule 72(d), any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 9th day of November, 2004.

S/ JUSTO ARENAS
Chief United States Magistrate Judge